On Motion to Dismiss.
Wyly, J.
In the succession of William Bobb, the parish judge ordered the sale of two hundred and twenty shares of stock of the *345 Louisiana Ice Company belonging to said succession. Ernest Merilh became tile purchaser at the sale, and failing to pay over the price, $3905, was ordered by the court in a proceeding by rule to comply with his bid. Failing to do so, the defendant, an auctioneer, charged with the duty of selling the property, proceeded to sell the stock a la folie enehere, when the plaintiff sued out an injunction to restrain the sale, on the grounds stated in the petition. The court dissolved the injunction, and plaintiff appeals.
The defendant moves to dismiss this appeal, because the questions at; issue are of ordinary and not probate jurisdiction; that an appeal will lie to the district court, but not to the Supreme Court in a case like this.
Article 87 of the constitution provides among other things that: “ All successions shall be opened and settled in the parish courts.” * *
Article 88 provides that “ In all probate matters, when the amount in dispute shall exceed five hundred dollars, exclusive of interest, the appeal shall be directly from the parish to the Supreme Court.”
In the exercise of its probate jurisdiction the parish court can sell succession property, as was attempted in the case at bar, because this is a power essentially necessary in the settlement of successions. As an incident to the right to sell, the parish court has jurisdiction to enforce the remedies provided by law against a bidder who refuses to comply with his bid.
A sale a la folie ench&re is a lawful sale which the parish court may make in the exercise of its probate jurisdiction ; and an injunction of a sale of this character is as much probate in nature as an injunction of the first sale, or the first offerings.
In either case the proceeding has a probate character, because the power exercised is essential to the settlement of the succession.
The motion is therefore denied.